BY FAX

Shaun Setareh (SBN 204514)
shaun@setarehlaw.com
Adrienne Herrera (SBN 278640)
adrienne@setarehlaw.com
SETAREH LAW GROUP
9454 Wilshire Boulevard, Suite 711
Beverly Hills, California 90212
Telephone:    (310) 888-7771
Facsimile:    (310) 888-0109

Attorneys for Plaintiffs,
DIANE BROWN; KIERRE TOWNSEND

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO COUNTY

CV 13 4975

| | |
|---|---|
| DIANE BROWN; KIERRE TOWNSEND, on behalf of themselves, all others similarly situated, and the general public,<br><br>*Plaintiffs,*<br><br>vs.<br><br>AIRGAS ON-SITE SAFTEY SERVICES, INC., a Delaware corporation; and DOES 1-50, inclusive,<br><br>*Defendants.* | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR:**<br><br>1. Failure to Pay Hourly Wages (Lab. Code §§ 223, 510, 1194, 1194.2, 1197, 1997.1, and 1198);<br>2. Failure to Indemnify (Labor Code § 2802);<br>3. Failure to Provide Accurate Written Wage Statements (Lab. Code § 226(a));<br>4. Failure to Timely Pay All Final Wages (Lab. Code §§ 201-203);<br>5. Unfair Competition (Bus. & Prof. Code §§ 17200, *et seq.*);<br>6. Civil Penalties (Lab. Code §§ 2698, *et seq.*);<br>7. Failure to Pay Employees for All Hours Worked (29 U.S.C. § 201, *et seq.*).<br><br>**JURY TRIAL DEMANDED** |

---

*Diane Brown, et. al v. Airgas On-Site Safety Services, Inc., et al.*                    Class Action Complaint

1  Plaintiffs, DIANE BROWN; KIERRE TOWNSEND (hereafter "Plaintiffs"), on behalf
2  of themselves, all others similarly situated, and the general public, complains and alleges as
3  follows:

4  **INTRODUCTION**

5  1.  Plaintiffs bring this class and representative action against defendant AIRGAS
6  ON-SITE SAFETY SERVICES, INC., a Delaware corporation and the other defendants
7  (hereafter "Defendant") for alleged violations of the Labor and Business and Professions Codes.
8  As set forth below, Plaintiffs allege that Defendants failed to pay at least minimum wages for all
9  hours worked, failed to pay overtime wages, failed to reimburse them for all necessary business
10 expenses, failed to provide them with accurate written wage statements, and failed to timely pay
11 them all of their final wages following separation of employment. Based on these alleged Labor
12 Code violations, Plaintiffs now bring this class and representative action to recover unpaid
13 wages, restitution, and related relief on behalf of themselves, all others similarly situated, and
14 the general public.

15 **JURISDICTION AND VENUE**

16 1.  This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §
17 1332(a) and (d). This case is brought as a class action under Rule 23 of the Federal Rules of
18 Civil Procedure. Plaintiff is informed and believes that the parties are citizens of different states
19 and more than 5 million dollars in controversy.

20 2.  Venue is proper under 28 U.S.C. § 1391 because Defendants are subject to
21 personal jurisdiction in this judicial district and at least one of the Defendants resides within this
22 judicial district.

23 **PARTIES**

24 **A.**  **Plaintiffs**

25 5.  Plaintiffs worked for Defendants in an hourly position as Hourly Employees from
26 approximately March 2013 to June 2013.

27 **B.**  **Defendants**

28 6.  Defendant is a Delaware corporation authorized to do business in California.

1

*Diane Brown, et al. v. Airgas On-Site Safety Services,*                    Class Action Complaint
*Inc., et al.*

7. Plaintiffs are ignorant of the true names, capacities, relationships, and extent of participation in the conduct alleged herein, of the Defendants sued as Does 1-50, inclusive, but is informed and believes that said Defendants are legally responsible for the conduct alleged herein and therefore sues these Defendants by such fictitious names. Plaintiffs will amend this complaint to allege both the true names and capacities of the Doe Defendants when ascertained.

8. Plaintiffs are informed and believe that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and that the acts of each Defendant are legally attributable to each of the other Defendants.

## CLASS ALLEGATIONS

9. This action has been brought and may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community of interest among the persons who comprise the readily ascertainable classes defined below and because Plaintiffs are unaware of any difficulties likely to be encountered in managing this case as a class action.

10. **Relevant Time Period**: The relevant time period is defined as the time period beginning four years prior to the filing of this action until judgment is entered.

11. The class and subclass members are defined as follows:

> **Hourly Employee Class:** All persons who were hired in California by Defendants in hourly or non-exempt positions in California during the **Relevant Time Period**.

> **Travel Time Sub-Class:** All **Hourly Employee Class** members who spent time as a passenger on an airplane, train, bus, taxi cab or car, or other mode of transportation in travelling to and from an out of town business related trip.

> **Wage Statement Penalties Class:** All **Hourly Employee Class** members employed by Defendants in California during the period beginning one year before the filing of this action and ending when final judgment is entered.

///

///

2

1

2

3

**Waiting Time Penalties Class:** All **Hourly Employee Class** members who separated from their employment with Defendants during the period beginning three years before the filing of this action and ending when final judgment is entered.

4

5

**UCL Class:** Hourly Employee **Hourly Class** members employed by Defendants in California during the **Relevant Time Period**.

6

7

8

12.    **Reservation of Rights:** Pursuant to Rule of Court 3.765(b), Plaintiffs reserve the right to amend or modify the class definitions with greater specificity, by further division into subclasses, and/or by limitation to particular issues.

9

10

11

12

13.    **Numerosity:** The class members are so numerous that the individual joinder of each individual class member is impractical. While Plaintiffs do not currently know the exact number of class members, Plaintiffs are informed and believe that the actual number exceeds the minimum required for numerosity under California law.

13

14

15

14.    **Commonality and Predominance:** Common questions of law and fact exist as to all class members and predominate over any questions which affect only individual class members. These questions include, but are not limited to:

16

17

A.    Have Defendants failed to reimburse class members for all necessary business expenses incurred during the discharge of their duties?

18

19

20

B.    Have Defendants failed to pay minimum and/or overtime wages to class members as a result of encouraging off-the-clock work while donning and doffing safety gear, clothing and equipment?

21

22

23

24

C.    Have Defendants failed to pay minimum and/or overtime wages to class members as a result failing to pay for hours spent travelling to out of town job sites by plane and car? and transportation time spent in company vans at job sites?

25

26

27

D.    Have Defendants failed to pay minimum and/or overtime wages to class members as a result failing to pay for transportation time spent in company vans to remote job sites?

28

E.    Have Defendants failed to provide class members with accurate written

3

*Diane Brown, et al. v. Airgas On-Site Safety Services,*                    Class Action Complaint
*Inc., et al.*

1                wage statements as a result of providing them with written wage

2                statements with inaccurate entries for, among other things, amounts of

3                gross and net wages, and time worked?

4          F.    Have Defendants applied policies or practices that result in late and/or

5                  incomplete final wage payments?

6          G.   Are Defendants liable to class members for waiting time penalties under

7                  Labor Code § 203?

8          H.   Are class members entitled to restitution of money or property that

9                  Defendants may have acquired from them through unfair competition?

10

11       15.    **Typicality:** Plaintiffs' claims are typical of the other class members' claims.

12 Plaintiffs are informed and believe and thereon allege that Defendants have a policy or practice

13 of failing to comply with the Labor Code and the Business and Professions Code as alleged

14 herein.

15       16.    **Adequacy of Class Representative:** Plaintiffs are adequate class

16 representatives in that they have no interests that are adverse to, or otherwise conflict with, the

17 interests of absent class members and is dedicated to vigorously prosecuting this action on their

18 behalf. Plaintiffs will fairly and adequately represent and protect the interests of the other class

19 members.

20       17.    **Adequacy of Class Counsel:** Plaintiffs' counsel are adequate class counsel in

21 that they have no known conflicts of interest with Plaintiffs or absent class members, are

22 experienced in wage and hour class action litigation, and are dedicated to vigorously

23 prosecuting this action on behalf of Plaintiffs and absent class members.

24       18.    **Superiority:** A class action is vastly superior to other available means for fair

25 and efficient adjudication of the class members' claims and would be beneficial to the parties

26 and the Court. Class action treatment will allow a number of similarly situated persons to

27 simultaneously and efficiently prosecute their common claims in a single forum without the

28 unnecessary duplication of effort and expense that numerous individual actions would entail. In

4

*Diane Brown, et al. v. Airgas On-Site Safety Services, Inc., et al.*                    Class Action Complaint

1  addition, the monetary amounts due to many individual class members are likely to be relatively
2  small and would thus make it difficult, if not impossible, for individual class members to both
3  seek and obtain relief. Moreover, a class action will serve an important public interest by
4  permitting class members to effectively pursue the recovery of moneys owed to them. Further, a
5  class action will prevent the potential for inconsistent or contradictory judgments inherent in
6  individual litigation.

7  ## FIRST CAUSE OF ACTION

8  ## FAILURE TO PAY HOURLY AND OVERTIME WAGES

9  ### (Lab. Code §§ 223, 510, 1194, 1197, and 1198)

10  ### (By Plaintiffs and Hourly Class, and Travel Time Sub-Class)

11      19.    Plaintiffs incorporate the preceding paragraphs of the Complaint as if fully
12  alleged herein.

13      20.    At all relevant times, Plaintiffs and **Hourly Class** members are or have been
14  non-exempt employees of Defendants entitled to the full protections of the Labor Code and the
15  Wage Orders.

16      21.    Section 2 of the Wage Order defines "hours worked" as "the time during which
17  an employee is subject to the control of an employer, and includes all the time the employee is
18  suffered or permitted to work, whether or not required to do so."

19      22.    Section 4 of the Wage Order requires an employer to pay non-exempt employees
20  at least the minimum wage set forth therein for all hours worked, which consist of all hours that
21  an employer has actual or constructive knowledge that employees are working.

22      23.    Labor Code § 1194 invalidates any agreement between an employer and an
23  employee to work for less than the minimum or overtime wage required under the applicable
24  Wage Orders.

25      24.    Labor Code § 1194.2 entitles non-exempt employees to recover liquidated
26  damages in amounts equal to the amounts of unpaid minimum wages and interest thereon in
27  addition to the underlying unpaid minimum wages and interest thereon.

28      25.    Labor Code § 1197 makes it unlawful for an employer to pay an employee less

5

1   than the minimum wage required under the applicable Wage Orders for all hours worked during
2   a payroll period.

3       26.     Labor Code § 1197.1 provides that it is unlawful for any employer or any other
4   person acting either individually or as an officer, agent, or employee of another person, to pay
5   an employee, or cause an employee to be paid, less than the applicable minimum wage.

6       27.     Labor Code § 1198 makes it unlawful for employers to employ employees under
7   conditions that violate the Wage Order.

8       28.     Labor Code § 204 requires employers to pay non-exempt employees their earned
9   wages for the normal work period at least twice during each calendar month on days the
10  employer designates in advance and to pay non-exempt employees their earned wages for labor
11  performed in excess of the normal work period by no later than the next regular payday.

12      29.     Labor Code § 223 makes it unlawful for employers to pay their employees lower
13  wages than required by contract or statute while purporting to pay them legal wages.

14      30.     Labor Code § 510 and Section 3 of the Wage Order require employers to pay
15  non-exempt employees overtime wages of no less than one and one-half times their respective
16  regular rates of pay for all hours worked in excess of eight hours in one workday, all hours
17  worked in excess of forty hours in one workweek, and/or for the first eight hours worked on the
18  seventh consecutive day of one workweek.

19      31.     Labor Code § 510 and Section 3 of the Wage Order also require employers to
20  pay non-exempt employees overtime wages of no less than two times their respective regular
21  rates of pay for all hours worked in excess of twelve hours in one workday and for all hours
22  worked in excess of eight hours on a seventh consecutive workday during a workweek.

23      32.     Plaintiffs are informed and believe that, at all relevant times, Defendants have
24  applied centrally devised policies and practices to them and **Hourly Class** members with
25  respect to working conditions and compensation arrangements.

26      33.     At all relevant times, Defendants failed to pay hourly wages to Plaintiffs for all
27  time worked, including, but not limited to, overtime work.

28      34.     Plaintiffs are informed and believe that, at all relevant times and as matters of

6

*Diane Brown, et al. v. Airgas On-Site Safety Services,*                                    Class Action Complaint
*Inc., et al.*

1  policy and/or practice, Defendants have failed also pay hourly wages to **Hourly Class** members
2  for all time worked, including, but not limited to, overtime work.

3                                        ***Donning and Doffing***

4          35.     At all relevant times, Defendants failed to pay hourly wages to Plaintiffs for all
5  time worked, including, but not limited to, overtime wages, at statutory and/or agreed rates by
6  suffering or permitting them to work off-the-clock while putting on and taking off required
7  protective and/or sanitary gear over their clothing at the beginning and end of their shifts

8          36.     Plaintiffs are informed and believe that, at all relevant times and as matters of
9  policy and/or practice, Defendants have failed also pay hourly wages to **Hourly Class** members
10  for all time worked, including, but not limited to, overtime wages, at statutory and/or agreed
11  rates by suffering or permitting them to work off-the-clock while putting on and taking off
12  required protective and/or sanitary gear over their clothing at the beginning and end of their
13  shifts.

14         37.     During the relevant time period, Defendants failed to pay Plaintiffs and **Hourly**
15  **Class** members all earned wages every pay period at the correct rates, including overtime rates,
16  because Defendants directed, permitted, or otherwise encouraged Plaintiffs and **Hourly Class**
17  members to perform off-the-clock work.

18         38.     As a result of Defendants' unlawful conduct, Plaintiffs and the other class
19  members have suffered damages in an amount, subject to proof, to the extent they were not paid
20  the full amount of wages earned during each pay period during the applicable limitations period,
21  including overtime wages.

22         39.     Pursuant to Labor Code §§ 204, 218.6, 223, 510, 1194, and 1194.2 Plaintiffs, on
23  behalf of themselves and **Hourly Class** members, seek to recover unpaid straight time and
24  overtime wages, interest thereon, and costs of suit.

25         40.     Pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the
26  substantial benefit doctrine, and/or the common fund doctrine, Plaintiffs, on behalf of
27  themselves and **Hourly Class** members, seeks to recover reasonable attorneys' fees.

28  ///

7

*Diane Brown, et al. v. Airgas On-Site Safety Services,*          Class Action Complaint
*Inc., et al.*

*Travel Time Sub- Class*

41.     At all relevant times, Defendants failed to pay hourly wages to Plaintiffs for all time worked, including, but not limited to, overtime wages, at statutory and/or agreed rates by suffering or permitting them to work off-the-clock for time spent for required travel from California to an out of stare location. Defendants failed to pay hourly wages for time spent in company vans to remote job sites upon arrival at the out of state location(s).

42.     Plaintiffs are informed and believe that, at all relevant times and as matters of policy and/or practice, Defendants have failed also pay hourly wages to **Travel Time Sub-Class** members for all time worked, including, but not limited to, overtime wages, at statutory and/or agreed rates by suffering or permitting them to work off-the-clock time spent for required travel from California to an out of stare location. Defendants failed to pay hourly wages for time spent in company vans to remote job sites upon arrival at the out of state location(s).

43.     During the relevant time period, Defendants failed to pay Plaintiffs and **Travel Time Sub-Class** members all earned wages every pay period at the correct rates, including overtime rates, because Defendants directed, permitted, or otherwise encouraged Plaintiffs and **Travel Time Sub-Class** members to perform off-the-clock work.

44.     As a result of Defendants' unlawful conduct, Plaintiffs and the other class members have suffered damages in an amount, subject to proof, to the extent they were not paid the full amount of wages earned during each pay period during the applicable limitations period, including overtime wages.

45.     Pursuant to Labor Code §§ 204, 218.6, 223, 510, 1194, and 1194.2 Plaintiffs, on behalf of themselves and **Travel Time Sub-Class** members, seek to recover unpaid straight time and overtime wages, interest thereon, and costs of suit.

46.     Pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiffs, on behalf of themselves and **Travel Time Sub-Class** members, seeks to recover reasonable attorneys' fees

///

8

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SECOND CAUSE OF ACTION

### FAILURE TO INDEMNIFY

#### (Lab. Code § 2802(a))

#### (By Plaintiffs and Hourly Class )

47. Plaintiffs incorporate the preceding paragraphs of the Complaint as if fully alleged herein.

48. In pertinent part, California Labor Code § 2802(a) states, "An employer shall indemnify his or her employee[s] for all necessary expenditures incurred by the employee in direct consequence of the discharge of his or her duties . . . ."

### *Clothing, Etc.*

49. At relevant times during the applicable limitations period, Plaintiffs and the members of the **Hourly Class** incurred necessary business related expenses and costs, including, but not limited to, the purchase of steel toed boots.

50. Plaintiffs are informed and believe and thereon allege that the reimbursement paid by Defendants was insufficient to indemnify Plaintiffs for all necessary expenses incurred in the discharge of their duties.

51. Plaintiffs are informed and believe and thereon allege that the reimbursement paid by Defendants was insufficient to indemnify members of the **Hourly Class** for all necessary expenses incurred in the discharge of their duties.

52. At relevant times during the applicable limitations period, Defendants required Plaintiffs and the members of the **Hourly Class** to purchase and maintain steel toed boots unique to Defendants at their expense. Defendants failed to indemnify Plaintiffs and the members of the **Hourly Class** for such expenditures.

53. As a result of their reimbursement policies and practices, Plaintiffs are informed and believe and thereon alleges that Defendants failed to reimburse them and **Hourly Class** members for all necessary business expenses.

54. By reason of the above, Plaintiffs and the members of the **Hourly Class** are entitled to restitution for all unpaid amounts due and owing to within four years (4) of the date

9

*Diane Brown, et al. v. Airgas On-Site Safety Services, Inc., et al.*                                      Class Action Complaint

1   of the filing of the Complaint until the date of entry of judgment.

2       55.     Plaintiffs, on behalf of themselves and the members of the **Hourly Class**, seek
3   interest thereon pursuant to California Labor Code § 218.6, costs pursuant to California Labor
4   Code § 218.6, and reasonable attorneys' fees pursuant to California Code of Civil Procedure §
5   1021.5.

6                               **THIRD CAUSE OF ACTION**

7           **FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS**
8                                    **(Lab. Code § 226)**

9                    **(By Plaintiffs and Wage Statement Penalties Class)**

10      56.     Plaintiffs incorporate the preceding paragraphs of the Complaint as if fully
11  alleged herein.

12      57.     Labor Code § 226(a) requires employers to furnish employees with accurate
13  itemized wage statements, either semimonthly or at the time of each payment of wages,
14  showing, among other things, the total hours worked by the employee, all applicable hourly
15  rates in effect during the pay period, the corresponding number of hours worked at each rate by
16  the employees, the deductions made from the employee's wages, and the gross and net wages
17  earned by the employee.

18      58.     At all relevant times, Defendants failed to provide Plaintiffs with written wage
19  statements with accurate entries for hours worked, corresponding wage rates, and gross and net
20  wages, as a result of not paying them minimum and overtime wages..

21      59.     Plaintiffs are informed and believe that, at all relevant times, Defendants have
22  failed to provide **Wage Statement Penalties Class** members with written wage statements with
23  accurate entries for hours worked, corresponding wage rates, and gross and net wages, as a
24  result of not paying them for all hours worked, as a result of not paying them minimum and/or
25  overtime.

26      60.     Plaintiffs are informed and believe that Defendants failure to provide them and
27  **Wage Statement Penalties Class** members with accurate written wage statements have been
28  intentional in that Defendants have the ability to provide them with accurate wage statements

                                         10

1 │ but have intentionally provided them with written wage statements that Defendants have known
2 │ to contain inaccurate entries for their hours worked, applicable rates of pay, and gross and net
3 │ wages as a result of not paying them for all hours worked.

4 │     61.    Plaintiffs and **Wage Statement Penalties Class** members have suffered injuries,
5 │ in that Defendants have violated their legal rights to receive accurate wage statements and have
6 │ misled them about their actual rates of pay and wages earned. In addition, inaccurate
7 │ information on their wage statements has prevented immediate challenges to Defendants'
8 │ unlawful pay practices, has required discovery and mathematical computations to determine the
9 │ amount of wages owed, has caused difficulty and expense in attempting to reconstruct time and
10 │ pay records, and/or has led to the submission of inaccurate information about wages and
11 │ deductions to state and federal government agencies.

12 │     62.    Pursuant to Labor Code § 226(e), Plaintiffs, on behalf of themselves and **Wage**
13 │ **Statement Penalties Class** members, seek the greater of actual damages or \$50.00 for the
14 │ initial pay period in which a violation of Labor Code § 226(a) occurred, and \$100.00 for each
15 │ subsequent pay period in which a violation of Labor Code § 226(a) occurred, not to exceed an
16 │ aggregate penalty of \$4,000.00 per class member, as well as awards of reasonable costs and
17 │ attorneys' fees.

18 │ ### FOURTH CAUSE OF ACTION

19 │ ### FAILURE TO TIMELY PAY ALL FINAL WAGES

20 │ **(Lab. Code §§ 201-203)**

21 │ **(Plaintiffs and Waiting Time Penalties Class)**

22 │     63.    Plaintiffs incorporate the preceding paragraphs of the Complaint as if fully
23 │ alleged herein.

24 │     64.    At all relevant times, Plaintiffs and **Waiting Time Penalties Class** members
25 │ have been entitled, upon the end of their employment with Defendants, to timely payment of all
26 │ wages earned and unpaid before termination or resignation.

27 │     65.    At all relevant times, pursuant to Labor Code § 201, employees who have been
28 │ discharged have been entitled to payment of all final wages immediately upon termination.

11

*Diane Brown, et al. v. Airgas On-Site Safety Services,*        Class Action Complaint
*Inc., et al.*

66.     At all relevant times, pursuant to Labor Code § 202, employees who have resigned after giving at least seventy-two (72) hours-notice of resignation have been entitled to payment of all final wages at the time of resignation.

67.     At all relevant times, pursuant to Labor Code § 202, employees who have resigned after giving less than seventy-two (72) hours-notice of resignation have been entitled to payment of all final wages within seventy-two (72) hours of giving notice of resignation.

68.     Pursuant to Labor Code § 208, every employee who is discharged is entitled to be paid final wages at the place of discharge. In addition, every employee who quits is entitled to be paid final wages at the office or agency of the employer where the employee performed labor for the employer.

69.     During the applicable limitations period, Defendants failed to pay Plaintiffs all of their final wages in accordance with Labor Code § 201 by failing to timely pay him all of his final wages, including, but not necessarily limited to, all of his earned and unpaid straight time and overtime.

70.     Plaintiffs are informed and believe that, at all relevant times, Defendants have failed to timely pay **Waiting Time Penalties Class** members all of their final wages in accordance with Labor Code §§ 201 or 202.

71.     Plaintiffs are informed and believe that, at all relevant times, Defendants have maintained a policy or practice of paying **Waiting Time Penalties Class** members their final wages without regard to the requirements of Labor Code §§ 201 and 202 by failing to timely pay them all final wages, including, but not limited to, earned and unpaid straight time and/or overtime.

72.     Plaintiffs are informed and believe that Defendants' failures to timely pay all final wages to him and **Waiting Time Penalties Class** members have been willful in that Defendants have the ability to pay final wages in accordance with Labor Code §§ 201 and 202 but have intentionally adopted policies or practice that are incompatible with those requirements.

73.     Pursuant to Labor Code §§ 203 and 218.6, Plaintiffs, on behalf of themselves and

12

*Diane Brown, et al. v. Airgas On-Site Safety Services, Inc., et al.*                                                          Class Action Complaint

1  **Waiting Time Penalties Class** members, seek waiting time penalties from the dates that their
2  final wages have first become due until paid, up to a maximum of 30 days, and interest thereon.

3      74.     Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine,
4  and/or the common fund doctrine, Plaintiffs, on behalf of themselves and **Waiting Time**
5  **Penalties Class** members, seek awards of reasonable costs and attorneys' fees.

6                          **FIFTH CAUSE OF ACTION**

7                           **UNFAIR COMPETITION**

8                      **(Bus. & Prof. Code §§ 17200, *et seq.*)**

9                        **(By Plaintiffs and Hourly Class)**

10     75.     Plaintiffs incorporate the preceding paragraphs of the Complaint as if fully
11 alleged herein.

12     76.     Business and Professions Code § 17200 defines "unfair competition" to include
13 any unlawful business practice.

14 Business and Professions Code §§ 17203–17204 allow a person who has lost money or property
15 as a result of unfair competition to bring a class action in accordance with Code of Civil
16 Procedure § 382 to recover money or property that may have been acquired from similarly
17 situated persons by means of unfair competition.

18                            *Relief Sought*

19     77.     The unlawful conduct of Defendants alleged herein amounts to and constitutes
20 unfair competition within the meaning of Business & Professions Code §§ 17200, *et seq.*
21 Business & Professions Code §§ 17200, *et seq.*, protects against unfair competition and allows a
22 person who has suffered an injury-in-fact and has lost money or property as a result of an unfair,
23 unlawful, or fraudulent business practice to seek restitution on his own behalf and on behalf of
24 other similarly situated persons in a class action proceeding.

25     78.     As a result of Defendants' violations of the Labor Code as during the applicable
26 limitations period as alleged herein, Plaintiffs have suffered an injury-in-fact and have lost
27 money or property in the form of earned wages. Specifically, Plaintiffs have lost money or
28 property as a result of not being paid for all hours worked, not being paid for all overtime hours

                                  13

1  worked, not being reimbursed for all necessary business expenses, and being provided with
2  inaccurate written wage statements that have had the effect of concealing other wage
3  underpayments.

4  79.     Plaintiffs are informed and believe that other similarly situated persons have
5  been subject to the same unlawful policies or practices of Defendants, including not being paid
6  for all hours worked, not being paid for all overtime hours worked, not being reimbursed for all
7  necessary business expenses, and being provided with inaccurate written wage statements that
8  have had the effect of concealing other wage underpayments.

9  80.     Due to its unfair and unlawful business practices in violation of the Labor Code
10 as alleged herein, Defendants have gained a competitive advantage over other comparable
11 companies doing business in the State of California that comply with their legal obligations
12 under the Labor Code.

13 81.     Pursuant to Business & Professions Code § 17203, Plaintiffs, on behalf of
14 themselves and the other members of the **Hourly Class**, seek declaratory relief and restitution
15 of all monies rightfully belonging to them that Defendants did not pay them or otherwise
16 retained by means of its unlawful and unfair business practices.

17 82.     Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine
18 and/or the common fund doctrine, Plaintiffs and the other members of the **Hourly Class** are
19 entitled to recover reasonable attorneys' fees in connection with their unfair competition claims.

20 ## SIXTH CAUSE OF ACTION

21 ## CIVIL PENALTIES

22 ### (Lab. Code §§ 2698, *et seq.*)

23 83.     Plaintiffs incorporate the preceding paragraphs of the Complaint as if fully
24 alleged herein.

25 84.     During the applicable limitations period, Defendants have violated Labor Code
26 §§ 201, 202, 203, 204, 223, 226(a), 256, 510, 558, 1194, 1197, 1198, , and 2802.

27 85.     Labor Code §§ 2699(a) and (g) authorize an aggrieved employee, on behalf of
28 him or herself and other current and former employees, to bring a representative civil action to

14

1  recover civil penalties pursuant to the procedures specified in Labor Code § 2699.3 that may,
2  but need not, be brought or maintained as a class action pursuant to Code of Civil Procedure §
3  382.

4      86.    Plaintiffs, as former employees against whom Defendants committed one or
5  more of the alleged Labor Code violations during the applicable limitations period, are
6  aggrieved employees within the meaning of Labor Code § 2699(c).

7      87.    Plaintiffs have complied with the procedures for bringing suit specified in Labor
8  Code § 2699.3.

9      88.    Pursuant to Labor Code §§ 2699(a) and (f), Plaintiffs seeks the following civil
10 penalties for Defendants' violations of Labor Code §§ 201, 202, 203, , 226(a), 256, 510, 1194,
11 1197, 1198, , and 2802:

12          A.    For violations of Labor Code §§ 201, 202, 203, 256, 1194, 1198, and
13                2802, $100 for each employee per pay period for each initial violation
14                and $200 for each employee per pay period for each subsequent violation
15                (penalties set by Labor Code § 2699(f)(2));

16          B.    For violations of Labor Code § 223, $100 for each employee for each
17                initial violation that was neither willful nor intentional, $200 for each
18                employee, plus 25% of the amount unlawfully withheld from each
19                employee, for each initial violation that was either willful or intentional,
20                and $200 for each employee, plus 25% of the amount unlawfully
21                withheld from each employee, for each subsequent violation, regardless
22                of whether the subsequent violation was either willful or intentional
23                (penalties set by Labor Code § 225.5);

24          C.    For violations of Labor Code § 226(a), if this action is deemed to be an
25                initial citation, $250 for each employee for each violation. Alternatively,
26                if an initial citation or its equivalent occurred before the filing of this
27                action, $1,000 for each employee for each violation (penalties set by
28                Labor Code § 226.3);

15

*Diane Brown, et al. v. Airgas On-Site Safety Services,*                    Class Action Complaint
*Inc., et al.*

D.    For violations of Labor Code §§ 510, $50 for each employee for each initial pay period for which the employee was underpaid, and $100 for each employee for each subsequent pay period for which the employee was underpaid (penalties set by Labor Code § 558); and

E.    For violations of Labor Code § 1197, $100 for each aggrieved employee for each initial violation of Labor Code § 1197 that was intentional, and $250 for each aggrieved employee per pay period for each subsequent violation of § 1197, regardless of whether the initial violation was intentional (penalties set by Labor Code § 1197.1).

89.    Pursuant to Labor Code § 2699(g), Plaintiffs seek awards of reasonable costs and attorneys' fees in connection with their claims for civil penalties.

## SEVENTH CAUSE OF ACTION

## FAILURE TO PAY ALL HOURS WORKED

## IN VIOLATION OF THE FEDERAL FAIR LABOR STANDARDS ACT

## (29 U.S.C. § 201)

## (By Plaintiffs and Hourly Class)

90.    Plaintiffs incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

91.    The Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, applies to employees in industries engaged in interstate commerce. Because Defendants employed Plaintiffs and members of the **Hourly Class** in an industry engaged in interstate commerce, they are entitled to the full protections of the FLSA.

92.    The FLSA requires employers to compensate non-exempt employees for all hours worked, including, but not limited to, "All time during which an employee is required to be on duty or to be on the employer's premises or at a prescribed workplace." 29 C.F.R. § 778.223. In addition, if an employee is "suffered or permitted" to work, even though not instructed or requested to do so, the time spent is compensable working time or hours worked. *See* C.F.R. §§ 785.11-785.13 and 778.316; *see also* C.F.R. § 778.223.

16

93.     The FLSA also requires employers subject to the Act to compensate employees at a rate of one and one-half times his or her regular rate of pay for hours worked in excess of forty hours in one week. 29 U.S.C. § 207(a)(1).

94.     During the applicable limitations period, Plaintiffs worked time in excess of forty hours in one week for which Defendants willfully failed to pay him them at least one and one-half times his their regular rate of pay as a result of willfully suffering or otherwise permitting him them to [insert description of off-the-clock work or other uncompensated time]spend time putting on and removing required protective and/or sanitary gear at the beginning and end of each work shift; and by not compensating aggrieved emplyes for interstate travel or job-site transportation hours.

95.     Plaintiffs is are informed and believes and thereon alleges that, at relevant times during the applicable limitations period, Defendants maintained a policy or practice of willfully failing to compensate members of the **Hourly Class** at least one and one-half times their regular rates of pay for all hours worked in excess of forty hours in one week by suffering or otherwise permitting them to spend time putting on and removing required protective and/or sanitary gear at the beginning and end of each work shift; and by not compensating aggrieved emplyes for interstate travel or job-site transportation hours[insert description of off-the-clock work or other uncompensated time].

96.     Under the FLSA, the regular rate of pay must include "all [applicable] remuneration paid to, or on behalf of the employee." *See* 29 U.S.C. § 207(e). Applicable remuneration includes, but is not limited to, non-discretionary bonuses, commissions, shift differential pay, and on-call pay.

97.     During the applicable limitations period, Defendants willfully failed to compensate Plaintiff for all time worked in excess of forty hours in one week based on a correctly calculated regular rate of pay inclusive of all applicable remuneration, including, but not limited to, non-discretionary bonuses, commissions, shift differential pay, and on-call pay.

98.     Plaintiff is informed and believes and thereon alleges that, at relevant times during the applicable limitations period, Defendants maintained a policy or practice of willfully

17

failing to compensate members of the **Hourly Class** for all time worked in excess of forty hours in one week based on a correctly calculated regular rates of pay inclusive of all applicable remuneration, including, but not limited to, non-discretionary bonuses, commissions, shift differential pay, and on-call pay.

99.     Defendants have also violated the FLSA by failing to keep required, accurate records of all hours worked by employees. 29 U.S.C. § 2ll(c).

100.    Plaintiffs and **Hourly Class** members are entitled to damages equal to amount of unpaid compensation, including overtime pay, within the three (3) years preceding the filing of this Complaint, plus periods of equitable tolling, because Defendants acted willfully and knew or showed reckless disregard of whether their conduct was prohibited by the FLSA.

101.    Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA. Plaintiffs and **Hourly Class** members are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid compensation, including overtime pay, and/or prejudgment interest at the applicable rate. 29 U.S.C. § 216(b).

102.    As a result of violations of the FLSA's minimum wage and overtime pay provisions, Defendants have unlawfully withheld compensation from Plaintiffs and **Hourly Class** members. Defendants are liable for unpaid compensation, together with an amount equal as liquidated damages, attorneys' fees and costs of this action. 29 U.S.C.§ 216(b).

103.    Pursuant to 29 U.S. C. § 216(b), Plaintiffs, on behalf of himself themselves and **Hourly Class** members, seeks monetary damages for unpaid straight time and/or overtime wages, liquidated damages, reasonable attorneys' fees and costs of suit for Defendants' willful failures to comply with the FLSA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves, all others similarly situated, and the general public, prays for relief and judgment against Defendants as follows:

A.  An order that the action be certified as a class action;

B.  An order that Plaintiffs be appointed class representatives;

18

*Diane Brown, et al. v. Airgas On-Site Safety Services, Inc., et al.*                                    Class Action Complaint

1              C.  An order that counsel for Plaintiffs be appointed class counsel;

2              D.  Unpaid Wages;

3              E.  Actual Damages;

4              F.  Liquidated Damages;

5              G.  Restitution;

6              H.  Pre-judgment interest;

7              I.  Statutory penalties;

8              J.  Civil penalties;

9              K.  Costs of suit;

10             L.  Reasonable attorneys' fees; and

11             M.  Such other relief as the Court deems just and proper.

12

13   **DEMAND FOR JURY TRIAL**

14   Plaintiffs, on behalf of themselves, all others similarly situated, and the general public,

15   hereby demands a jury trial on all issues so triable.

16

17   DATED:  October 24, 2013           SETAREH LAW GROUP

18

19

20                                       BY

21                                       SHAUN SETAREH
                                         Attorney for Plaintiffs,

22                                       DIANE BROWN; KIERRE TOWNSEND

23

24

25

26

27

28

*Diane Brown, et al. v. Airgas On-Site Safety Services,*
*Inc., et al.*
                                                Class Action Complaint